THE BOROUGH OF FLORHAM PARK, PROSECUTOR, v. THE BOROUGH OF MADISON ET AL.

EDWARD S. TOOTHE, PROSECUTOR, v. THE BOROUGH OF MADISON ET AL.

LESLIE D. WARD, PROSECUTOR, v. THE BOROUGH OF MADISON ET AL.

THE STATE, THE BOROUGH OF MADISON, PROSECUTOR, v. THE BOROUGH OF FLORHAM PARK.

Argued November 4, 1908—Decided March 4, 1909.

The immunity from condemnation accorded to lands held by any municipality for the purposes of a water-supply under the seventieth section of the Borough act (*Pamph. L.* 1897, *p.* 319) is not created by the mere execution and delivery of a deed of lands to a municipality for such uses and the acceptance of the same by the common council of such municipality.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For Florham Park, *Edward K. Mills.*

For Edward S. Toothe, *Vredenburgh, Wall & Carey.*

For Leslie D. Ward, *Edward D. Duffield.*

For borough of Madison, *Charles A. Rathbun.*

The opinion of the court was delivered by

GARRISON, J.   The first three of the four writs that were argued together attack the order of Justice Parker appointing commissioners to condemn the lands of the estate of William Toothe, deceased, which are situate in the borough of Florham Park for the sewage disposal plant of the borough of Madison.   By the other writ the borough of Madison seeks to set aside a deed for the said lands, made by the surviving executor of William Toothe and two of his devisees to the borough of Florham Park and the acceptance of such deed by said borough.                            •

The situation disclosed by the testimony was this:   The borough of Madison having taken the preliminary steps for the erection of a sewage disposal plant and filtration beds on lands late of William Toothe, deceased, located in the borough of Florham Park, applied to Justice Parker on July 11th, 1908, for an order appointing commissioners to condemn the said lands, which order was made on August 17th, 1908.   Pending the negotiations that preceded this application a deed for the lands sought to be acquired in that proceeding was made by Edward S. Toothe, individually and as surviving executor, and by Carlotta T. Coe, a residuary devisee, to the borough of Florham Park.   This deed, which was dated June 24th, 1908, acknowledged by Toothe and wife on that date and by Carlotta T. Coe on September 15th, 1908, recites that the grantors are the owners of lands in the borough of Florham Park, the future development of which is dependent upon the acquisition by the said borough

of an adequate water-supply; that the lands conveyed are most available for such a supply; that the borough of Madison is proposing to acquire said lands for its sewage disposal plant and that the borough of Florham Park has signified its willingness to accept a conveyance of said lands and to hold the same for the purpose above expressed. This deed is officially marked in one place as having been received at the clerk's office of Morris county on June 26th, 1908, and in another place as having been so received on September 22d, 1908; it was also twice recorded. It is evident that it had been taken from the office after its first filing for record in order that it might be executed by Carlotta T. Coe. On June 25th the council of the borough of Florham Park adopted a preamble that followed the recitals of the Toothe deed and a resolution that this deed be accepted with thanks for "this most generous gift." The significance of this transaction is that by the seventieth section of the Borough act (*Pamph. L.* 1897, *p.* 319) it is provided that no lands held by any municipality for the purposes of a water-supply shall be condemned under the authority of this act, and it is conceded that the condemnation proposed by the borough of Madison is under said authority. The question *in limine,* therefore, is whether or not the lands described in the Toothe deed are held by Florham Park for the purposes of a water-supply within the meaning of the section cited.

Without regard to the *bona fides* of the parties to the transaction we think that the conveyance itself did not charge the lands described in the deed with the public use designated in the statute. The plain meaning of the statute is that lands charged with one public use shall not be taken by condemnation for some other public use. The specific public use mentioned, viz., a municipal water-supply, can come into existence only in a designated manner. *Pamph. L.* 1906, *p.* 133. According to this legislative regulation a borough council may proceed to the acquisition of a water-supply plant only upon the written application of the owners of one-fourth of its assessed real estate; this application to be followed by advertisement and by the submission of the question

to the voters of the borough, which submission, upon familiar principles, must include the designation of the location of the proposed water-supply, which may be either accepted or rejected at the polls. It does not, therefore, and it cannot at the present time, appear that the lands tendered as a water-supply by the Toothe deed will ever become charged with that specific public use and it is not perceived how either the act of the grantors in that deed or the act of the grantee named therein or their combined act, can create the specific public charge upon lands upon which the immunity of such lands from serving some other lawful public use may be predicated. It is not necessary to hold that the conveyance to the borough is invalid; indeed the present proceeding is not the proper one in which to test the legal effect as between the parties of a conveyance made in due form. Neither are we called upon to say that the acceptance of such deed was a nullity. These matters may be permitted to rest between the parties to the deed. What we are called upon to decide and what we do decide is that the use named in said deed did not, by the mere acceptance of said deed, become a public use so charged upon the lands in question as to constitute a statutory bar to their lawful acquisition for some other public purpose. This much we decide under the matters brought by the writ of the borough of Madison, although such decision results in no immediate judgment upon such writ, which was rather *ad testificandum* than directly remedial.

The three writs brought by the borough of Florham Park and by individual prosecutors raise a very important question as to the validity of the proceedings on which the proposed condemnation was based, which since the argument of these cases has been definitively settled by the decision of the Court of Errors and Appeals in the case of Frelinghuysen *v.* Morristown, filed February 4th, 1909, and not yet reported. The other objections require no extended discussion. The objection that there was no determination by Madison to acquire the Toothe location is not supported by the testimony. The inability of Madison to obtain the lands by ordinary purchase

sufficiently appeared; the fact that such inability arose from considerations other than those of mere price is not material.

The element of uncertainty in the precise course of the piping, &c., is not a jurisdictional matter. The right of the prosecutors to stand in the shoes of the state board of health cannot be successfully asserted.

On the whole, our conclusion is that the order and proceedings brought up by the first three writs be affirmed, with costs, and that the fourth writ be treated as *ad testificandum* on which costs are not to be allowed to either party as against the other.